| | |
|---|---|
| GENOVA & MALIN | **DATE: DECEMBER 15, 2015** |
| Attorneys for the Debtor | **TIME: 9:20 A.M.** |
| 1136 Route 9 | |
| Wappingers Falls NY 12590 | |
| (845) 298-1600 | |
| Thomas Genova (TG4706) | |
| Andrea B. Malin (AM4424) | |

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------X
In Re:

                                                **CHAPTER 13**
HEATHER F. FAGANS                   **CASE NO. 15-35318 (CGM)**

                  Debtor.
----------------------------------------------------------X

**FINAL FEE APPLICATION OF GENOVA & MALIN AS COUNSEL FOR
THE DEBTOR FOR APPROVAL AND ALLOWANCE OF COMPENSATION
FOR SERVICES RENDERED AND FOR REIMBURSEMENT OF
<u>EXPENSES FROM APRIL 30, 2015 THROUGH NOVEMBER 16, 2015</u>**

| | |
|---|---|
| Name of applicant: | GENOVA & MALIN |
| Authorized to provide professional services to: | Debtor |
| Date of Retention: | February 26, 2015 |
| **Final Fee Application Period** for which compensation and reimbursement is sought: | April 30, 2015 through November 16, 2015 |
| Amount of Compensation sought as actual, reasonable and necessary for the **Final Fee Application Period:** | $5,928.84 |

This is an  : _____ interim    ____X_____ final application

This is the first and final fee application filed by GENOVA & MALIN with respect to the debtors for the time period specified herein.

GENOVA & MALIN                                      DATE: DECEMBER 15, 2015
Attorneys for the Debtor                            TIME: 9:20 A.M.
1136 Route 9
Wappingers Falls NY 12590
(845) 298-1600
Thomas Genova (TG4706)
Andrea B. Malin (AM4424)

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------X
In Re:

                                                  **CHAPTER 13**
HEATHER F. FAGANS                                   **CASE NO. 15-35318 (CGM)**

                              Debtor.
---------------------------------------------------------X

**APPLICATION FOR FINAL ALLOWANCE OF COMPENSATION
AND EXPENSES TO ATTORNEYS FOR DEBTOR UNDER
<u>11 U.S.C. SECTION 330 AND 11 U.S.C. §503(a)</u>**

**TO THE HONORABLE CECELIA G. MORRIS, CHIEF U.S. BANKRUPTCY JUDGE:**

        The application of ANDREA B. MALIN, of the firm of GENOVA & MALIN, respectfully represents:

<u>**GENERAL BACKGROUND**</u>

1.      On February 26, 2015, HEATHER F. FAGANS, the debtor, filed a petition with this Court for relief pursuant to Chapter 7 of the Bankruptcy Code.

2.      On May 1, 2015, the debtor filed a motion to convert to Chapter 13 with Notice filed on May 4, 2015.

3.      Your applicant, on behalf of the debtor, has been responsible for guiding the debtor's estate through Chapter 13 of the Bankruptcy Code.

4.      At the time of the filing, the debtor owned her car subject to a lien held by Toyota Motor Credit Corporation.

5.      Debtor filed the petition for the purpose of reorganizing her financial

situation.

## APPLICATION FOR FEES

6.      This application is made by GENOVA & MALIN, for an allowance of additional compensation for professional services rendered to and on behalf of the debtor from April 30, 2015 through November 16, 2015

7.      Your applicant has acted and continues to act as legal counsel to the debtor and has performed all of the necessary professional legal services in connection therewith. GENOVA & MALIN regularly maintains records of time expended in the rendition of such services and the costs and expenses incurred. The entries in such records were made in the ordinary course of GENOVA & MALIN'S business, concurrently with the rendition of such services and the incurring of such costs and expenses. A copy of 2016(b) is annexed hereto and made part thereof as Exhibit "A". A copy of the Retainer Agreement is annexed hereto as Exhibit "B". A summary of these records is annexed hereto and made a part hereof as Exhibit "C". Some of the areas in which your applicant has rendered professional legal services to and on behalf of the debtors are set forth in the following summary.

## ALLOWANCE OF COMPENSATION

8.      The allowance of compensation to estate professionals is governed by Section 330(a)(1)(A) of the Bankruptcy Code, which authorizes courts to award "reasonable compensation for actual, necessary services rendered." Section 330(a)(3) provides guidance for determining whether compensation is reasonable, pointing out that courts should:

> consider the nature, the extent, and the value of such services, taking into account all relevant factors, including - (A) the time spent on such services; (B) the rate charged for such services; © whether the services were necessary to the administration of, or beneficial at the time which the service was rendered toward the completion of a case under this title; (D) whether the services were

2

>performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue, or task addressed; (E) with respect to a professional person, whether the person is board certified or otherwise has demonstrated skill and experience in the bankruptcy field; and (F) whether the compensation is reasonable based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this title.

The congressional policy expressed above provides for adequate compensation in order to continue to attract qualified and competent professionals to bankruptcy cases. In re Drexel Burnham Lambert Group, Inc., 133 B.R. 13, 18 (B.Ct.S.D.N.Y. 1991) ("Congress' objective in requiring that the market, not the Court, establish attorneys' rates was to ensure that bankruptcy cases were staffed by appropriate legal specialists."). GENOVA & MALIN respectfully submits that consideration of these factors should result in the Court's allowance of the full amount of compensation sought.

## SUMMARY OF PROFESSIONAL SERVICES RENDERED

### MOTION TO CONVERT TO CHAPTER 13 (1.1 hours; $387.50)

9. On May 1, 2015, debtor filed a Motion to Convert Chapter 7 case to Chapter 13 with this Court.

10. On May 4, 2015, debtor filed a Notice of Voluntary Conversion from Chapter 7 to Chapter 13 with this Court.

11. During this process, this firm was required to meet with the client to discuss chapter 13 issues specific to the debtor's situation, explain the chapter 13 process, review financial documents, and prepare the motion to convert case.

## OBJECTION TO CONFIRMATION FILED BY
## TOYOTA MOTOR CREDIT CORPORATION (1.1 hours; $387.50)

12. On May 29, 2015, TOYOTA MOTOR CREDIT CORPORATION ("TOYOTA"), the lien holder on debtor's husband's vehicle, filed an Objection to Confirmation of Plan.

13. In pursuing the objection, this firm was required to have conferences with the debtor, review financial documents and conference with the creditor.

14. Due to the efforts of the firm, the matter was resolved expeditiously.

## MOTION FOR RELIEF FROM STAY FILED BY TOYOTA (1.7 hours; $627.50)

15. On June 4, 2015, TOYOTA filed a Motion for Relief from Stay regarding debtor's husband's vehicle.

16. At the time, debtor was involved in a previously filed Divorce Action in which the car belonged to her estranged spouse.

17. In pursuing the motion, this firm was required to have conferences with the debtor, review the filed motion, and conference with the creditor.

18. On July 2, 2015, an Order Granting Motion for Relief from Stay regarding the spouse's vehicle was granted by this Court.

19. Due to the efforts of this firm, the debtor received a result beneficial to her.

## MOTION FOR RELIEF FROM STAY TO
## CONTINUE DIVORCE ACTION (6.4 hours; $2,232.50)

20. Prior to the filing of the petition, on or about August 11, 2014, the debtor's estranged spouse, ARTURO VASQUEZ ("VASQUEZ") commenced an action for divorce in the Ulster County Supreme Court.

4

21. On June 19, 2015, debtor filed a Motion for Relief from Stay to Continue Divorce Action.

22. On July 31, 2015, an Order Granting Motion for Relief from Stay was entered by this Court.

23. In pursuing the motion, this firm was required to have conferences with the debtor, debtor's matrimonial attorney, attend court hearings, and submit the Order.

24. Due to the efforts of this firm, the debtor received a result beneficial to her.

### **MOTION OBJECTING TO CLAIMS** (4.1 hours; $1,455.00)

25. Based upon the claim filed by TOYOTA, it became necessary to file a Motion Objecting to Claim No. 4 filed by TOYOTA.

26. Based upon the claim filed by estranged spouse VASQUEZ, it became necessary to file a Motion Objecting to Claim No. 5 filed by VASQUEZ.

27. In pursuing the Motion, this firm was required to review financial documentation of the parties, pleadings in the matrimonial action, and attend court hearings.

28. Due to the efforts of this firm, the debtor received a result most beneficial to her.

### **FEE APPLICATION FOR GENOVA & MALIN** (2.0 hours; $600.00)

29. The times spent on the Fee Application include, without limitation: time spent (i) drafting the Fee Application and notice; (ii) filing and serving the Fee Application and notice; (iii) copying the Fee Application and Notice; (iv) serving the Fee Application and Notice; and filing the Fee Application on the Court's ECF System.

30. The services rendered by GENOVA & MALIN during the Final Fee

5

Application Period can be grouped into the following categories:

| Service Category | Hours | Fees |
| --- | --- | --- |
| Motion to Convert | 1.1 | $ 387.50 |
| Objection to Confirmation | 1.1 | $ 387.50 |
| 362 Vehicle | 1.7 | $ 627.50 |
| 362 Matrimonial | 6.4 | $2,232.50 |
| Objection to Claims | 4.1 | $1,455.00 |
| G&M Fee Application | 2.0 | $ 600.00 |
| **TOTAL** | 16.4 | $5,690.00 |

31.     Accordingly, your applicant has expended 11.3 hours of partner time, 2.8 hours of associate time and 2.3 hours of paralegal time from April 30, 2015 through November 16, 2015, in the rendition of its services to the debtor. The number of hours expended by your applicant was kept to a minimum because of the high level of expertise and experience which your applicant brought to this matter. The following is a brief description of the experience and background of your applicant:

**THOMAS GENOVA:** Mr. Genova has been practicing law in excess of thirty-three (33) years. He has specialized in bankruptcy and reorganization cases as an attorney for debtors, creditors, creditors' committees, and as trustee in bankruptcy. He was a lecturer in Business Law at Marist College from 1985 to 1991; he was a speaker at the New York State Bar Association Programs on Bankruptcy in 1994 and 1995; Eighth Annual Bankruptcy Law Symposium, 1987; National Business Institute Program on Successful Creditors Strategies, 1990; National Business Institute Program on Bankruptcy, 1991; National Business Institute Program on Mortgage Foreclosure, 1992; National Business Institute Program on Basic Bankruptcy in New York, 1993; National Business Institute Program on Foreclosures and

6

Repossession, 1993; and National Business Institute Program on Fundamentals of Bankruptcy Law, 1994. He is a member of the Orange County Bar Association, Dutchess County Bar Association, New York State Bar Association, American Bar Association, National Association of Bankruptcy Trustees; and Mid-Hudson Bankruptcy Bar Association (President, 1990-1991).

**ANDREA B. MALIN:** Ms. Malin has been practicing law in excess of twenty-four (24) years. She is a member of the New York State and American Bar Associations, Mid-Hudson Bankruptcy Bar Association and National Association of Consumer Bankruptcy Attorneys. She has spoken at several seminars and issued printed materials on all issues regarding Chapter 12 and Chapter 13 Cases, President of the Mid-Hudson Bankruptcy Bar Association for two (2) consecutive years.

| Attorney | Position of Applicant | Year Admitted | Hourly Billing Rate | Total Billed Hours | Total Compensation |
|---|---|---|---|---|---|
| Malin, Andrea | Partner | 1991 | $400.00<br>$450.00 | 7.4<br>3.9 | $2,960.00<br>$1,755.00 |
| Fitzgerald, Erina | Associate | 2015 | $225.00 | 2.8 | $  630.00 |
| Total | | | | 14.1 | $5,345.00 |

| Paraprofessional | Position | Hourly Billing Rate | Total Billed Hours | Total Compensation |
|---|---|---|---|---|
| Malin, Anthony | Legal Assistant | $150.00 | 1.3 | $  195.00 |
| Yazzetti, Ernest | Legal Assistant | $150.00 | 1.0 | $  150.00 |
| Totals for paraprofessionals | | | 2.3 | $  345.00 |
| TOTAL | | | 16.4 | $5,690.00 |
| Total Blended Rate | | | **$346.95** | |

32.  Much has been written on the subject of the unusual conditions under which attorneys representing debtors in Chapter 13 cases must work. As is the case in Chapter 11 cases, other than a pre-petition retainer, counsel for debtor in Chapter 13 cases are not assured

7

of any further payment. Nevertheless, the professionals work to protect their clients' interests, knowing that they may never be paid for all of their time. Accordingly, as is done in Chapter 11 cases, applicant urges the Court to make an award of compensation that involves the adjustment of the lodestar amount to reflect certain factors. In the present case, it is respectfully submitted that the delay in payment, the quality of representation, and the results obtained, should be taken into consideration in computing the award of final compensation.

33. Further consideration should be given to the time value of the money had it been paid contemporaneously with the rendition of services. Your Applicant believes that the allowance sought herein for services rendered and to be rendered is clearly fair and reasonable, particularly in view of the complexity of the case and the issues presented therein.

34. Your applicant's standard time charge for the period of April 30, 2015 to July 31, 2015 was FOUR HUNDRED DOLLARS ($400.00) per hour for partner time and TWO HUNDRED TWENTY-FIVE DOLLARS ($225.00) per hour for associate time.

35. Your applicant's standard time charge for the period of August 1, 2015 through present is FOUR HUNDRED FIFTY DOLLARS ($450.00) per hour for partner time, TWO HUNDRED TWENTY-FIVE DOLLARS ($225.00) per hour for associate time and ONE HUNDRED FIFTY DOLLARS ($150.00) per hour for paralegal time.

**EXPENSES**

36. In addition to the foregoing, your applicant seeks reimbursement for the actual and necessary expenses incurred by GENOVA & MALIN in connection with the rendition of professional services as aforesaid, as follows:

| Expense Category | Amount |
|---|---|
| Copy Costs    (239 @ .10) | $  23.90 |
| Postage | $  38.94 |
| Facsimile       ( 0 @ .50) | $  00.00 |
| Filing Fee 362 Motion | $ 176.00 |
| **TOTAL** | **$ 238.84** |

## COMPLIANCE WITH GUIDELINES

37. GENOVA & MALIN believes that this Application substantially complies with the Guidelines. To the extent there has not been material compliance with any particular rule or guideline, GENOVA & MALIN respectfully requests a waiver or opportunity to cure.

38. No previous allowance has been made to your applicant for the services rendered as herein set forth and no previous application has been made therefor to this Court, or any other court, for compensation. Your applicant has not, in any form or guise, shared or agreed to share compensation to be received by it or any other person for services rendered in connection with this matter. No agreement or understanding prohibited by 18 U.S.C. §155 has been made by your applicant.

**WHEREFORE**, your applicant respectfully requests that the Court enter an Order under 11 U.S.C. Sections 330 and 503 allowing final compensation in the amount of FIVE THOUSAND SIX HUNDRED NINETY DOLLARS ($5,690.00) and costs and expenses in the sum of TWO HUNDRED THIRTY-EIGHT DOLLARS AND EIGHTY-FOUR CENTS ($238.84); all totaling the sum of FIVE THOUSAND NINE HUNDRED TWENTY-EIGHT DOLLARS AND EIGHTY-FOUR CENTS ($5,928.84); and that the debtor be granted such

other and further relief as to the Court may seem just and proper.

Dated: Wappingers Falls, New York
       November 16, 2015

                                              GENOVA & MALIN
                                              Attorneys for Debtor

By:   /s/ Andrea B. Malin
       ANDREA B. MALIN (AM4424)
       1136 Route 9
       Wappingers Falls NY 12590
       (845) 298-1600